19-232-cv
*Henderson v. Saul*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand nineteen.

PRESENT: BARRINGTON D. PARKER,
DENNY CHIN,
*Circuit Judges.*
DENISE COTE,
*District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DELORES L. HENDERSON,

*Plaintiff-Appellant,*

-v-                                                                     19-232-cv

ANDREW SAUL, COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

*Defendant-Appellee.*†

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*      Judge Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

†      The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT: AMY C. CHAMBERS, Law Offices of Kenneth Hiller PLLC, Amherst, New York.

FOR DEFENDANT-APPELLEE: PRASHANT TAMASKAR, Special Assistant United States Attorney (Ellen E. Sovern, Assistant United States Attorney, *on the brief*), *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Delores Henderson appeals from a judgment of the district court entered December 20, 2018, upholding a decision of defendant-appellee Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits and supplemental security income. By decision and order entered December 19, 2018, the district court denied Henderson's motion for judgment on the pleadings and granted the Commissioner's motion for judgment on the pleadings. Henderson argues that the finding of the administrative law judge (the "ALJ") that she could return to her past relevant work was not supported by substantial

2

evidence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). In reviewing the administrative record, we determine if there is "substantial evidence . . . to support the Commissioner's decision and if the correct legal standards have been applied." *Id.* Substantial evidence is defined as "evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* Indeed, "once an [administrative law judge] finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and emphasis omitted).

We affirm the judgment below, as we agree that the Commissioner's ruling is supported by substantial evidence. First, Henderson argues that the ALJ improperly evaluated medical opinions, resulting in a finding that lacked substantial support, namely that her residual functional capacity ("RFC") allowed for light work. In finding Henderson's RFC, however, the ALJ considered the medical opinions of her consultative examiner and her treating orthopedist. Henderson's consultative examiner found that

3

she had mild to moderate limitations for prolonged walking, bending, and kneeling. Henderson's treating orthopedist found that she could perform light-duty work with no bending or stooping. Though a third physician later found that Henderson was very limited in her ability to, *inter alia*, sit, stand and walk, the ALJ ultimately assigned greater weight to the opinion of her treating orthopedist because of his specialized training, history with Henderson, and the fact that his assessment was consistent with Henderson's self-reported ability to engage in activities of daily living. Accordingly, we conclude that the ALJ's conclusions were supported by substantial evidence.

Second, Henderson argues that the ALJ improperly evaluated her credibility. "[A]n ALJ's credibility determination is generally entitled to deference on appeal." *Selian v. Astrue*, 708 F.3d 409, 420 (2d Cir. 2013) (per curiam). Here, the ALJ considered Henderson's entire medical record and her testimony concerning the symptoms of her impairments and resulting limitations, as well as her admitted activities of daily living, and concluded that her statements were "not entirely consistent with the objective medical evidence." App'x at 20. The ALJ's credibility determinations were supported by substantial evidence.

Finally, Henderson argues that the Appeals Council and the district court improperly rejected new and material evidence. "A court may order the Commissioner

to consider additional evidence only upon a showing that there is new evidence which is material . . . ." *Schaal v. Apfel*, 134 F.3d 496, 506 (2d Cir. 1998). "New evidence is material if it is both (1) relevant to the claimant's condition during the time period for which the benefits were denied and (2) probative." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (internal quotation marks omitted).

The evidence at issue includes reports of knee surgeries performed in February 2016 and September 2016, exam notes from a follow-up appointment after the second surgery, and a report from an internal medicine examination performed on December 5, 2016. This evidence postdates the ALJ's determination by at least six months and sheds insufficient light on the severity of Henderson's condition during the relevant period to conclude that it is material, as required to justify a remand under 42 U.S.C. § 405(g). *See Pollard*, 377 F.3d at 193 ("[M]ateriality requires . . . a reasonable possibility that the new evidence would have influenced the Commissioner to decide claimant's application differently.") (alteration omitted). Accordingly, the evidence was not relevant or material.

\*        \*        \*

5

We have considered the remainder of Henderson's arguments and conclude they are without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court